IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHON WILLIAMS,                    )
                                  )
        Plaintiff,                )
                                  )
vs.                               )    CIV. A. NO. 25-0283-JB-MU
                                  )
FRANK BISIGNANO,                  )
Commissioner of Social Security,  )
                                  )
        Defendant.                )

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Unopposed Motion for Award of

Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d). (Doc.

27). Defendant does not oppose Plaintiff's motion. (Doc. 27, PageID. 633; Doc. 27-2).

Upon consideration of all pertinent materials contained in the file and the applicable law,

it is recommended that Plaintiff's motion be granted, in part, and denied, in part, and

that Plaintiff receive a reasonable attorney's fee in the amount of $6,764.16 under the

EAJA for legal services rendered by his attorney in this Court.

## FINDINGS OF FACT

On April 20, 2026, the Court entered a judgment reversing and remanding this

claim to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. §

405(g) for further proceedings. (Docs. 25, 26). Plaintiff's motion for an award of

attorney's fees under the EAJA was filed on June 12, 2026. (Doc. 27). In the motion,

Plaintiff requests attorney's fees in the amount of $6,824.00 to compensate his attorney

for the time spent representing him before this Court as of the date of the filing of the fee application. (*Id.,* PageID. 629).

## CONCLUSIONS OF LAW

### A.    Entitlement to Fee

The Equal Access to Justice Act requires a district court to "award to a prevailing party … fees and other expenses … incurred by that party in any civil action …, including proceedings for judicial review of agency action, brought by or against the United States …, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust," if the individual's "net worth did not exceed \$2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(B). Having won a sentence-four remand, Plaintiff is a prevailing party under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Court also finds that the position of the United States in this case was not substantially justified, as the government has the burden of establishing substantial justification and has not argued substantial justification here; that no special circumstances exist that would make an award of fees unjust; and that Plaintiff's net worth did not exceed two million dollars at the time he filed his action. (*See* Doc. 27; Doc. 27-2).

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Section 2412(d)(2)(G) provides that a judgment is final when it is no longer appealable. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, a notice of appeal may be filed within 60 days of entry of judgment if, like in this case, one of the parties is a United

2

States agency. The motion in this case, having been filed 53 days after judgment was entered, was timely filed.

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (applying § 1988), *quoted in Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (applying EAJA).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended."

*Hensley,* 461 U.S. at 433-434 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for

3

hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis."). The Court must also keep in mind that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman,* 836 F.2d at 1306.

Defendant does not object to Plaintiff's EAJA application; however, this does not relieve the Court of its responsibility to make an independent determination as to whether the award sought is reasonable and appropriate. *See Smith v. O'Malley*, Civil Action No. 1:22-00156-N, 2024 WL 130404, at *3 n.4 (S.D. Ala. Jan. 10, 2024) and cases cited therein. Plaintiff's attorney submitted an itemized statement of the time spent by attorneys and paralegals prosecuting this case. The Court has carefully reviewed Plaintiff's counsel's submitted time records and finds, based on this review and the Court's experience, that Plaintiff's counsel and his counsel's paralegals, reasonably spent 31.20 hours on legal tasks in this case. (Doc. 27-2).

With respect to a determination of the hourly rate to apply in an EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997). In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step

4

analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, … is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." … The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299.

In his motion, Plaintiff, relying on a 1999 case from the U.S. Court of Veteran's Appeals, asserts that his attorney's fees should be calculated based on the CPI-All Items index for New York and New Jersey because that is where his attorney maintains his main law practice and office. (Doc. 27, PageID. 645 (citing *Mannino v. West*, 12 Vet. App. 242 (U.S. Ct. of Vet. App. 1999))). However, in this Circuit, "[t]he general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp*., 29 F.3d 1489, 1494 (11th Cir. 1994)). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Id*., *quoted in Smith*, 2024 WL 130404, at *4. This case was obviously filed in the Southern District of Alabama, and Plaintiff has presented no evidence of a lack of attorneys in this district who are willing and able to handle a social security appeal such as his.

5

Accordingly, the Court finds that the "relevant market" for determining the reasonable hourly rate for Plaintiff's attorney's services is the Southern District of Alabama.

For years, the prevailing market rate in the Southern District of Alabama was $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C, 2001 WL 530498, *6 (S.D. Ala. May 4, 2001); *Robinson v. Massanari,* 00-0862-RV-C, 2001 WL 1580208, *3 (S.D. Ala. Nov. 6. 2001). However, this Court has recognized that the current market rate exceeds that amount and has adjusted the rate to account for the increase in the cost of living. *Leggett v. Astrue,* CA 07-0421-KD-C, 2008 WL 697734, *3 (S.D. Ala. Mar. 13, 2008). "More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: ($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted." *Id*. (internal quotation marks and citations omitted).

The temporal midpoint in this case was December 1, 2025, as the complaint was filed on July 15, 2025, and the Court entered its order and judgment on April 20, 2026. (Docs. 1, 26). The CPI-U (South) for December of 2025 was 313.675. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x313.675/152.4. Completion of this equation renders an hourly rate of $257.28. For the reasons enunciated above the Court will use this rate for attorney's fees, rather than the $260 rate requested by Plaintiff. Plaintiff has also submitted time for paralegals who provided assistance in his case and has averred that a reasonable rate for them is $120 per hour. Relying on its knowledge of paralegal billable rates in this district and amounts previously approved by this Court for paralegal time, the Court agrees that $120 per

6

hour is a reasonable rate. Based on the foregoing, Plaintiff is to be awarded an attorney's fee in the amount of $6,764.16 under the EAJA for the 22 hours his attorney spent performing work traditionally performed by attorneys in social security cases at the hourly rate of $257.28 ($5,660.16) and the 9.2 hours spent by his attorney's paralegals at the hourly rate of $120 ($1,104.00).

## B. Assignment of Fees

Plaintiff has requested that the Court direct payment of the above fee directly to his counsel. (Doc. 27, PageID. 647-48). The Court finds that this request should be denied as it is a contractual matter between counsel and his client. *Brown v. Astrue*, 271 F. App'x 741, 744 (10th Cir. 2008) (holding that "the private contractual arrangement between [the Plaintiff] and his counsel [i]s a collateral matter the district court d[oes] not need to address when considering [an] EAJA fees motion). Certainly, the Commissioner may elect to do so, *see Astrue v. Ratliff,* 560 U.S. 586, 597-98 (2010); however, this Court need not, and will not, concern itself with matters between Plaintiff, his counsel, and the Commissioner. *See, e.g., Weatherspoon v. Kijakazi,* Civ. A. No. 2:21-00008-N, 2023 WL 1768125, at *5 (S.D. Ala. Feb. 3, 2023).

## CONCLUSION

In accordance with the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (Doc. 27) be **GRANTED, in part,** and **DENIED, in part**, and that the Court order that Plaintiff be awarded attorney's fees from Defendant Frank Bisignano, as the Commissioner of Social Security, in the amount of $ $6,764.16 under the Equal Access to Justice Act.

7

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of July**,** 2026.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

8